ON REHEARING
SAMUEL, Judge.
We granted this rehearing primarily because we wanted to reconsider the effect of LSA-C.C.P. Art. 2753(5) in the light of subsection (3) of that article. The facts are adequately stated in our original opinion and need not be repeated.
Code of Civil Procedure Article 2753 reads, inter alia:
“The original debtor, his surviving spouse in community, heirs, legatees, and legal representative are not required to furnish security for the issuance of a temporary restraining order or preliminary injunction to arrest a seizure and sale, when the injunctive relief is applied for solely on one or more of the following grounds:
* * * * * *
(3) the act evidencing the mortgage or privilege is forged, or the debtor’s signature thereto was procured by fraud, violence, or other unlawful means;

(5) the order directing the issuance of the writ of seizure and sale was rendered without sufficient authentic evidence having been submitted to the court, or the evidence submitted was not actually authentic.” LSA-C.C.P. Art. 2753.
After more mature consideration we are of the opinion we were in error in concluding that, because he did not allege fraud, *399 error or mistake, the petitioner for injunc-tive relief was precluded from offering parol evidence to prove the writ of seizure and sale was issued on evidence (the act of sale, vendor’s lien and mortgage) not actually authentic. In arriving at our original conclusion we inadvertently overlooked subsection (3) of the quoted article.
As pointed out in the original opinion, article 2753 provides any of those named in the first sentence of the article may obtain a temporary restraining order or preliminary injunction solely on one or more of the listed grounds without furnishing security for the issuance thereof. Subsection (3) requires allegations of fraud, violence or other unlawful means by which the debtor’s signature was procured. As subsection (5) contains no such requirement, it now appears to us that the petitioner for injunctive relief may prove the evidence submitted to obtain the order was not actually authentic by any kind of otherwise admissible evidence without alleging fraud, error or mistake. A contrary holding would impose on a petitioner for injunction an added burden not contemplated by the subsection.
Insofar as parol evidence is concerned, it appears to us that subsection (5) contemplates and thus permits the use of such evidence. Since, with very rare exceptions, parol evidence is the only conceivable means of proving, in the words of the subsection, the writ was rendered “without sufficient authentic evidence having been submitted to the court, or the evidence submitted was not actually authentic”, to prohibit the use of parol evidence would have the effect of rendering the subsection inapplicable in the vast majority of cases in which it is intended to apply. Certainly this is true in the instant case in which parol is the only conceivable evidence by which an absence of witnesses during the execution of the act can be proved.
As a result of these considerations we also have changed our conclusion regarding the effect of Civil Code Article 2238. The only references to witnesses in the act of sale, vendor’s lien and mortgage in suit are contained in the second sentence and in the last paragraph of the act. In the customary fashion they recite, respectively:
“BEFORE ME, MARGARET GAU-DIN, a Notary Public duly commissioned and qualified in and for the Parish of Orleans, therein residing, and in the presence of the witnesses hereinafter named and undersigned,”
“THUS DONE AND PASSED at my office in New Orleans, on the day and in the month and year first above written in the presence of MRS. BETTY JANE TRACY and MRS. DEIDRE GLORIO-SO witnesses of lawful age, residing in this city, who have signed their names, with the appearers and me, Notary, after due reading of the whole.”
Whether these enunciations have a direct reference to, or are foreign to, the disposition now appears to us to be immaterial. They are recitations, not by any of the parties to the act, but by the notary alone and therefore cannot deprive one of those parties, the petitioner for injunction herein, of the right given him by article 2753 (5).
Regardless of other considerations, the act must be in authentic form in order to justify foreclosure via executive and Code of Civil Procedure Article 2753(5) authorizes the issuance of a temporary restraining order or preliminary injunction to arrest a seizure and sale under executory proceedings when the order directing the issuance of the writ was rendered on evidence not actually authentic. We therefore conclude that petitioner in the instant case may introduce parol evidence to prove his allegation that the two persons who appeared in the act as witnesses were not present during the execution of the act.
Finally, we must consider a plea of equitable estoppel urged by Union. We *400 did not mention or discuss that plea in the original opinion because the result there reached made the same unnecessary. Mr. Stewart, the petitioner for injunctive relief, is an attorney at law and was practicing as such when the act of sale, vendor’s lien and mortgage was passed. Union argues that as an attorney he was charged with a knowledge of the law, including the requisites of authentic acts, and if the witnesses were in fact not present at the time the act was executed, he should have made objection to the proceeding at that time. Having failed to make any such objection, Union further argues, he must be deemed to have acquiesced in the alleged informality and waived objections thereto.
We find no merit in this plea. In addition to the fact that there is no evidence before us showing petitioner made no objection to the witnesses’ alleged absence during the execution of the act, we know of no compelling reason why he should have made such an objection or why a failure to make objection should prevent him from now attacking the authenticity of the act. Authenticity was a necessary essential for Union alone, the act appears to have been passed before Union’s notary, and petitioner was under no obligation to protect Union in this regard.
For the reasons assigned, both on rehearing and in the original opinion insofar as the latter are not in conflict with this opinion, our original decree is recalled and set aside, the alternative Writ of Certiorari issued herein is reinstated and made peremptory, the trial court ruling, that the pa-rol evidence sought to be introduced by petitioner for injunction was inadmissible, is annulled and set aside, and this case is remanded to the trial court for further proceedings in accordance with law and in conformity with the views expressed herein ; all costs to await a final determination.
Original decree recalled; ruling complained of annulled and set aside; and case remanded.